VICTORIANO CADILLA, demandante y apelante, *v.* CONDADO BEACH HOTEL CORPORATION, demandada y apelada.

Núm. 10013.—*Sometido:* Febrero 3, 1950. *Resuelto:* Febrero 23, 1950.

912

*Henry G. Molina* y *David Curet Cuevas,* abogados del apelante; *Víctor Gutiérrez Franqui* y *Luis F. Sánchez Vilella,* abogados de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

La sección 19 de la Ley 8 de 5 de abril de 1941 ((1) págs. 303, 319), según ha sido enmendada por la Ley 451 de 14 de mayo de 1947 ((1) págs. 951, 965), dispone en lo pertinente:

"Todo patrono que despida, . . . a un empleado, . . . discrimine en cualquier forma o amenace cometer contra él cualquiera de esos actos para evadir el cumplimiento de cualquier decreto o porque dicho empleado. . . se haya querellado, haya ofrecido o prestado testimonio o se disponga a ofrecerlo o prestarlo, en alguna investigación, querella, reclamación, audiencia o procedimiento administrativo o judicial que se lleve o haya llevado a cabo en relación o para la aplicación de esta Ley . . ., incurrirá en un delito menos grave . . .

"Se presumirá que cualquiera de los mencionados actos obedece a la formulación de querella, ofrecimiento o prestación de testimonio . . ., cuando el patrono haya realizado el acto antes de transcurrir seis meses desde la terminación de la investigación, querella, reclamación . . . a menos que demuestre satisfactoriamente que le había manifestado al empleado . . . su propósito . . . antes de existir la investigación, querella, . . .

"El patrono deberá reponer en su empleo al trabajador . . . En dichos procedimientos se investigarán también los daños que el acto haya causado al empleado . . ., a cuyo favor se dictará sentencia por el doble del importe de los daños causados, además de concedérsele costas y una suma razonable, que nunca bajará de cincuenta (50) dólares, para honorarios de abogado."

Acogiéndose a lo provisto por la sección antes citada, Victoriano Cadilla radicó en 16 de enero de 1947 (sic) una demanda contra Condado Beach Hotel Corp., en la cual alega en síntesis haber trabajado para dicha corporación desde el primero de marzo de 1945 hasta el 31 de diciembre de 1947, fecha esta última en que fué despedido sin justa causa y en que se le pagó la mesada correspondiente a enero siguiente; que en primero de septiembre del indicado año, en unión a otras personas, él radicó ante la misma corte una querella contra la demandada reclamando el pago por horas extras y días libres trabajados, sin que hasta entonces se hubiera sustanciado en sus méritos esa reclamación; que el demandante percibía de la demandada un sueldo mensual de $350 más habitación y comidas para él y su esposa; que su despido ilegal le ha ocasionado daños ascendentes a la suma de $600 y que la demandada se ha negado a restituirlo en su empleo. En la súplica de la demanda solicita que de conformidad con la sección citada se dicte sentencia ordenando a la demandada que le reponga en su empleo y que le pague además la suma de $1,200, más honorarios de abogado.

En su contestación la demandada negó haber despedido al demandante sin justa causa y alegó, por el contrario, que el 29 de diciembre de 1947 mientras estaba ausente del hotel el administrador y presidente de la corporación, el demandante, quien era jefe del departamento de cocina, promovió en la cocina un escándalo con uno de los capitanes de los mozos, habiendo trascendido el altercado y las palabras obscenas pronunciadas por el demandante hasta el comedor del hotel; y que el demandante fué llamado por dicho presidente para que explicara su conducta y no pudo hacerlo satisfactoriamente.

Celebrado el juicio correspondiente, durante el cual desfiló prueba testifical y documental, el tribunal a quo dictó sentencia(1) declarando sin lugar la querella, sin especial condenación de costas, por ser las mismas de oficio, y sin honorarios de abogado.

En el recurso de apelación interpuesto por el demandante sostiene éste que el tribunal inferior cometió error al resolver que el demandante no le convenció de que el despido fuera injustificado, desoyendo con este pronunciamiento las disposiciones de la sección 19, supra, así como al resolver que por el resultado de la prueba podía concluirse que los hechos demostrados por la apelada hubieran constituído justa causa para el despido del querellante.

■■ La prueba del demandante tendió a demostrar que él y otras personas habían radicado contra la corporación demandada una querella reclamando el pago de cierta cantidad por concepto de horas extras y días libres por ellos trabajados; que luego de instada esa demanda y estando pendiente aún el pleito, el administrador de la demandada le llamó en 29 de diciembre de 1947 a su oficina y luego de preguntarle qué había ocurrido aquel día en la cocina del hotel y de haber el demandante contádole lo sucedido, el administrador de la demandada le preguntó si estaba dispuesto a aceptar $500 para transigir el caso y que al contestarle él negativamente dicho administrador se encolerizó, le ofreció dos bofetadas y le dijo que se fuera, presentándosele como a las cinco de la tarde el auditor de la corporación con el cheque de la mesada de enero y con una carta en que se le despedía. Empero, también aparece de la transcripción que al preguntarle al demandante el letrado de la demandada "¿En virtud de qué cesó el 31 de diciembre?", el demandante contestó:

"Bueno, . . . en virtud de que el 28 ó 29 de diciembre, creo que fué el 28 de diciembre, el capitán de camareros del Hotel Condado vino a la cocina y me pidió una porción de chuletas por lo cual yo le dije. Me preguntó si había y yo le dije: 'Sí señor.' Ahí como a los

---

(1) El tribunal inferior no emitió opinión.

diez o quince minutos volvió y me dice: 'Póngalas al fuego', y yo las puse. Como a los tres minutos volvió por ellas y yo le dije que no estaban cocinadas. Entonces él insistió en que yo le diera el servicio, que estaba en condiciones no de servirlas y yo le dije que mientras no estuviera en condiciones de servirlas yo no lo haría, porque si el pasajero hace un 'complaint' del servicio yo soy el responsable y que él se lava las manos. Él insistía en que le diera las chuletas y yo le dije que no se las daba porque no estaban en condiciones. Entonces insistió y tuvimos unas palabras.

"P. ¿Qué palabras?

"R. Yo le dije: 'Mire, aquí yo no quiero que usted me venga con esta clase de (aquí una palabra obscena).'"

La prueba de la demandada fué al efecto de que de doce a una de la tarde del día 29 de diciembre de 1947 el demandante, que a la sazón era Jefe de Cocina en el hotel de la demandada, tuvo un fuerte altercado en la cocina con el capitán de los mozos, durante el cual en alta voz el demandante dijo a dicho capitán de mozos palabras gruesas, en alta voz y al alcance del oído de las personas que se hallaban en el comedor; que más tarde el demandante no pudo explicar su conducta y admitió lo ocurrido; que éste fué despedido el mismo día del altercado porque había quien le sustituyera en la cocina, y que el capitán de mozos no fué despedido hasta dos días después, debido a que hubo que buscarle un sustituto; que el despido del demandante nada tuvo que ver con la reclamación hecha por el demandante y otras personas contra la demandada; y que precisamente unos días antes se habían reunido el demandante y su abogado y el administrador de la demandada y su abogado con el propósito de llegar a un entendido sobre dicha reclamación, pero que a pesar de la forma amistosa en que se trató del asunto el demandante y su abogado no aceptaron la oferta de transacción por la suma de $500 héchales.

En su sentencia el tribunal inferior, después de manifestar que la prueba del querellante no le había convencido de que su despido hubiera sido injustificado ni de que el patrono lo despidiera por motivo de haberse presentado en su contra

una querella, indicó que mientras las partes estaban negociando por medio de sus respectivos abogados, el querellante tuvo un fuerte altercado personal en la cocina y que "analizadas todas las circunstancias de este altercado, el mismo hubiera constituído justa causa para el despido del querellante y por lo tanto el hecho de que existiera una reclamación por horas extras no debe tomarse en consideración para imponerle al patrono la penalidad que establece el artículo 19 de la ley 8," etc.

Cierto es que en un caso como el presente la sección 19, supra, establece la presunción de que el despido obedeció a la formulación de la querella, más tal presunción es una de carácter controvertible que mediante la prueba correspondiente puede ser refutada. En el caso de autos esa presunción controvertible fué debidamente rebatida por la demandada, con prueba que el tribunal inferior creyó. Al presentar el demandante prueba sobre la existencia de su reclamación y sobre el hecho de estar pendiente el pleito iniciado en relación con la misma, así como con respecto a haber sido despedido antes de haber expirado el período de seis meses a que alude la ley, surgió un caso prima facie en su favor y correspondía a la parte demandada presentar prueba robusta y convincente para destruir el mismo. El tribunal inferior tomando en consideración la presunción establecida por la ley y la prueba aducida por las partes, no creyó que el despido se debiera a la reclamación instada y por el contrario concluyó que el mismo se debió al altercado tenido por el demandante con el capitán de mozos.

La norma en estos casos no es, desde luego, si el obrero ha sido despedido o no por justa causa. Ésta no desempeña en verdad papel de clase alguna en estos casos. La norma es si el despido se debió a la reclamación entablada por el obrero contra el patrono o a cualquiera otro de los motivos indicados en la sección 19, supra.

Al discutir el segundo error señalado, el apelante sostiene que "según los términos del convenio colectivo vigente

entre la apelada y la Unión a la cual estaba afiliado Cadilla, el caso del despido del apelante debía ser sometido a un Comité de Quejas y Agravios para que éste determinara si procedía o no el despido.'' De acuerdo con la cláusula 17 del Convenio, ofrecida como *Exhibit* I del demandante, en caso de ser despedido, el obrero tenía derecho a solicitar de la Unión dentro de las cuarenta y ocho horas siguientes a la suspensión que la controversia fuese discutida y resuelta inmediatamente por el Comité de Querellas que a virtud del mismo convenio se creaba, compuesto de dos representantes de la Unión y de dos del patrono y, de no llegar éstos a un acuerdo, de un quinto miembro que sería el Conciliador Insular o uno de los Conciliadores Auxiliares. El laudo de ese comité sería final y obligatorio para las partes. Era el propio demandante quien por disposición expresa del convenio celebrado con la demandada tenía derecho a solicitar de la Unión que el asunto fuera sometido al Comité de Querellas. No lo hizo así. Por el contrario, prefirió acudir a los tribunales en solicitud de que se le repusiera en su cargo y en reclamación de daños y perjuicios. Dicho convenio no imponía en forma alguna a la demandada la obligación de acudir a ningún comité antes de poderse defender de una querella presentada en su contra por uno de sus obreros ante los tribunales de justicia.

En el presente caso hay suficiente prueba en los autos para sostener la conclusión de la corte sentenciadora al efecto de que nada tuvo que ver el despido con la reclamación hecha por el demandante contra su patrono.

*No habiéndose cometido los errores señalados, debe confirmarse la sentencia apelada.*